◼ In the Matter of RICHARD FLOWERS, Respondent, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, et al., Appellants.—Judgment unanimously reversed on the law, and petition dismissed. Memorandum: In this CPLR article 78 proceeding, petitioner, an inmate at Attica Correctional Facility, alleged that the Department of Correctional Services unconstitutionally recouped moneys from his inmate account for postage provided him by the Department. Special Term agreed with petitioner and ordered the Department to restore all moneys it recouped from petitioner's account.

The recoupment was made pursuant to a Department directive which instituted a program providing inmates free postage for five letters per week and requiring inmates to pay for postage for all letters in excess of that number. The directive provides that inmates may obtain excess postage by signing a form authorizing the Department to deduct the cost from their inmate accounts.

In holding that this practice is unconstitutional, Special Term relied upon the case of James v Strange (407 US 128). There, a Kansas statute provided for the docketing of a

judgment against an indigent defendant for counsel fees and other legal expenses incurred by the State for the indigent's defense. The statute singled out indigent defendants by depriving them of the exemptions provided for other judgment debtors. This provision, the court concluded, violates the equal protection clause of the constitution, for it "strips from indigent defendants the array of protective exemptions Kansas has erected for other civil judgment debtors * * * Of the above exemptions, none is more important to a debtor than the exemption of his wages from unrestricted garnishment. The debtor's wages are his sustenance, with which he supports himself and his family * * * For Kansas to deny protections such as these to the once criminally accused is to risk denying him the means needed to keep himself and his family afloat." *(James v Strange, supra,* pp 135-136.) The court determined that there was no basis to place the indigent defendant who has been convicted in a different class from other judgment debtors because "[i]t is in the interest of society and the State that such a defendant, upon satisfaction of the criminal penalties imposed, be afforded a reasonable opportunity of employment, rehabilitation and return to useful citizenship. There is limited incentive to seek legitimate employment when, after serving a sentence during which interest has accumulated on the indebtedness for legal services, the indigent knows that his wages will be garnished without the benefit of any of the customary exemptions." *(James v Strange, supra,* p 139.)

Here, unlike the procedure condemned in *James v Strange (supra),* no judgment is docketed against the indigent defendant and there is no provision for recoupment after he is released from prison. Thus, petitioner has not been denied equal protection of the law, for there is a rational distinction between the recoupment of money from an inmate's account and a garnishment against the wages of a judgment debtor. As emphasized by the court in *James v Strange (supra),* a judgment debtor depends upon his wages to support himself and his family. A prison inmate, on the other hand, is supported by the State, which supplies his necessities, and any money he receives while in prison is not provided for the purpose of supporting his family. Moreover, recoupment from an inmate's account will not affect his incentive to seek legitimate employment upon his release.

We find no other constitutional prohibition against the practice employed by the State. Reasonable regulations limiting the amount of free postage for prison inmates do not contravene their constitutional right to meaningful access to

the courts (see, Hoppins v Wallace, 751 F2d 1161, 1162; Twyman v Crisp, 584 F2d 352, 359), and compelling inmates to reimburse the State for the cost of excess postage does not deprive them of their property without due process (see, Jensen v Klecker, 648 F2d 1179, 1183). (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ.